UNITED STATES, Appellee

v

WILLIAM C. WORDEN, Airman Third Class, U. S. Air Force, Appellant

17 USCMA 486, 38 CMR 284

No. 20,703

April 26, 1968

*Captain John T. Dorman* argued the cause for Appellant, Accused. With him on the brief was *Colonel Dwight R. Rowland.*

*Major Robert L. Bates* argued the cause for Appellee, United States. With him on the brief was *Colonel James R. Thorn.*

Opinion of the Court

QUINN, Chief Judge:

A board of review found there were infringements upon the accused's right to consult counsel during the pretrial proceedings, but it concluded there was "no hint" of prejudice and affirmed the findings of guilty. We granted review to consider the correctness of this decision.

In early October 1966, the accused was "picked up" and interrogated by agents of the Office of Special Investigations, who were conducting an investigation into marihuana offenses at Castle Air Force Base, California. Advised of his right to remain silent and to consult counsel, he did not exercise them at that time, but in a succeeding interview he requested counsel. First Lieutenant John E. Howell, a member of the staff judge advocate's office at the base, was appointed to represent him. After consulting with Lieutenant Howell, the accused advised the interrogating agents he did not have "anything else to say." He was released by the agents, and placed in "squadron restriction." Thereafter, he conferred in "some detail" with Lieutenant Howell in regard to his suspected involvement in narcotic offenses. While he was not again interrogated by enforcement agents, his first sergeant was "curious" and questioned him as to what was happening.

On November 30, the squadron commander filed a Charge Sheet listing seven specifications of use and sale of marihuana by the accused at various times and places. On the same day, the charges were read to the accused. He telephoned the staff judge advocate's office to talk to Lieutenant Howell, but "permission was refused." Subsequent efforts produced the same response. Finally, he called Lieutenant Howell at his home, and was informed by Howell that he was "not allowed" to talk to the accused about the case. Apparently, the staff judge advocate had issued the prohibition, pending his determination as to the assignment of counsel in the several cases resulting from the narcotics investigation, to avoid what the board of review described as "disqualifying involvements." On December 5, 1966, the charges were referred to First Lieutenant Ward H. White for investigation, pursuant to Article 32 of the Uniform Code of Military Justice, 10 USC § 832. The investigation was formally opened the same day. When informed of his right to counsel at the hearing, the accused requested Lieutenant Howell. The hearing was immediately adjourned. It was resumed the next morning with Lieutenant Howell appearing as accused's counsel.

At the beginning of the hearing, Lieutenant Howell requested a continuance for one day because of the "swift way in which we were brought in here." He informed the investigating officer that he had previously conferred with the accused in connection with his interrogation by the Office of Special Investigations agents, but he pointed out that it had been "very difficult to get into the merits" because they had not known "what the charges would be." He further advised the investigating officer of the accused's frustrated attempts to consult him after the charges had been read to him

**487**

by the squadron commander, and he maintained he had not been able to talk to the accused "until 3:30 yesterday afternoon." He maintained he had not had "an adequate amount of time to discuss" with the accused the "seven completely unanticipated" charges. He also contended he had not had the opportunity to examine the probable witnesses, which made it "impossible to prepare an adequate cross-examination." Describing the "nature" of the Article 32 investigation as "investigatory," and remarking that it was not necessary "to present a case as if we were going to trial," the investigating officer denied the motion.

The investigation continued for four days. On the last day, defense counsel made a closing statement. In his opening remarks, he thanked the investigating officer for his "courtesy" and complimented him on his fairness and impartiality; at the end, he again thanked the investigating officer for his impartiality. Between these comments, defense counsel reiterated his objection that the accused had not been "permitted to see an attorney as he had requested numerous times" before the hearing, and he, as counsel, "was expected to adequately defend" the accused on Tuesday morning when he had not been "given the Charge Sheets until 3:30 Monday afternoon." The investigating officer closed the investigation without inquiring whether the defense wanted, or needed, additional time for preparation.

In his official report, the Article 32 officer recommended that specifications 6 and 7 of the charge be dropped because of insufficient independent evidence of guilt. The staff judge advocate concurred in the recommendation and also recommended that the evidence was insufficient to support specification 2. He advised the convening authority to drop these three charges. The convening authority followed the advice and referred to trial only the remaining four specifications.[1] When the court-martial convened for trial of these specifications,

defense counsel moved to dismiss them on the ground the accused had been "denied his right to counsel at a very significant and important phase of the pretrial investigation." After hearing evidence as to the surrounding circumstances, the law officer indicated he could perceive no "deprivation of any rights," and he denied the motion.

Denial of the right to counsel during pretrial stages of the proceedings against the accused does ■ not invalidate charges referred to trial or otherwise deprive the court-martial of power to proceed to findings and sentence; but it does give the accused the right to move for appropriate relief. United States v Nichols, 8 USCMA 119, 23 CMR 343. It is apparent, therefore, that defense counsel erred in describing his motion as a motion to dismiss rather than as one for appropriate relief. Misdescription of the nature of relief sought, however, does not itself justify denial of the motion. United States v Samuels, 10 USCMA 206, 27 CMR 280; United States v Williams, 5 USCMA 197, 17 CMR 197. The application must be determined according to its substance, not its title.

The record demonstrates that the investigating officer did not understand the significance of the Article 32 investigation. It ■ is not merely investigatory, as he imagined, but a hearing that is "judicial in nature and scope." United States v Nichols, supra, at page 128. See also United States v Franchia, 13 USCMA 315, 32 CMR 315. The Uniform Code recognizes its importance by granting the accused the right to be represented by counsel and the right to cross-examine the witnesses against him. Article 32, Code, supra. Depriving the accused of the opportunity to interview a potential witness before his formal testimony in the proceeding may seriously undermine the accused's right of cross-examination. See United States v Enloe, 15 USCMA 256, 35 CMR 228; United States v Aycock, 15 USCMA 158, 35 CMR 130. Also, to the extent that such deprivation interferes with the accused's right to prepare for the

---

[1] The accused was acquitted of two of these by the court-martial.

proceedings, it denies his right to effective assistance of counsel. United States v Tellier, 13 USCMA 323, 32 CMR 323. As the Manual for Courts-Martial, United States, 1951, points out, the accused and his counsel must be accorded "[a]mple opportunity" to prepare the defense case, which includes "opportunities to interview each other and any other person." *Id.*, paragraph 48*g*.

Without restating the matters presented to the investigating officer, they ▪ unmistakably indicate the accused was denied a fair opportunity to confer with his counsel before the hearing; and his counsel was denied all opportunity to interview or investigate the adverse witnesses.[2] True, the hearing continued for several days, but the opportunities to probe the prosecution's case during temporary or overnight recesses are hardly adequate substitutes for prehearing preparation. See United States v Heinel, 9 USCMA 259, 26 CMR 39. An unprepared counsel is tantamount to no counsel. As the California Supreme Court observed, "a counsel who has been denied the opportunity to prepare is the equivalent of no counsel at all." People v Mad-dox, 67 Advance Cal Repts 658, 433 P2d 163, 166, 63 West's Cal Rptr 371 (1967).

When the accused has been denied, or deprived of, the effective assistance of counsel in a proceeding in which the law gives him the right to such assistance, an appellate court will not indulge in "nice calculations as to the amount of prejudice" resulting from the error. Glasser v United States, 315 US 60, 76, 86 L ed 680, 62 S Ct 457 (1942). As we pointed out earlier, there was sufficient objection at trial to entitle the accused to appropriate relief. We held in United States v Mickel, 9 USCMA 324, 327, 26 CMR 104, that "if an accused is deprived of a substantial pretrial right," he is, on timely objection, "entitled to judicial enforcement of his right, without regard to whether such enforcement will benefit him at the trial." See also United States v Nichols, supra.

The decision of the board of review is reversed, and the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judges FERGUSON and KILDAY concur.

---

[2] We need not separately consider the validity, or the effect, of the staff judge advocate's order prohibiting Lieutenant Howell from conferring with the accused between the time the charges were read to the accused and his formal request at the opening of the Article 32 investigation hearing that Howell be appointed his counsel. See United States v Gunnels, 8 USCMA 130, 23 CMR 354; cf. United States v Tavolilla, 17 USCMA 395, 38 CMR 193.