UNITED STATES, Appellee

v

KENNETH C. COURTIER, Sergeant First Class,
U. S. Army, Appellant

20 USCMA 278, 43 CMR 118

No. 23,161

January 15, 1971

*Captain Bernard J. Casey* argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel T. Ghent*.

*Captain Alex B. Shipley, Jr.*, argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger, Captain Edwin L. Gage,* and *Captain Benjamin G. Porter*.

## Opinion

QUINN, Chief Judge:

At trial, the accused moved for a new Article 32 investigation. Among other things, he alleged that his request for individual military counsel for the investigation had been improperly refused. The motion was denied. Thereupon, the accused entered a plea of guilty to all the offenses charged and was duly sentenced. We are now asked to reverse the conviction and dismiss the charges on the ground that denial of the motion was prejudicial error.

Several actions by the accused in connection with his request for Captain Carmichael as individual counsel for the Article 32 investigation are differently construed by Government counsel and appellate defense counsel. We need not resolve these differences which are chiefly concerned with whether the accused abandoned his request.

Certainly, it is the rule, as the accused contends and as we have consistently held, that on timely objection an accused is "entitled to judicial enforcement" of a substantial pretrial right "without regard to whether such enforcement will benefit him at the trial." United States v Mickel, 9 USCMA 324, 327, 26 CMR 104 (1958). See also United States v Worden, 17 USCMA 486, 489, 38 CMR 284 (1968). It is equally certain that the right to the assistance of counsel of one's own choice during the pretrial proceedings, when such counsel is reasonably available, is a substantial right entitled to judicial enforcement. United States v Nichols, 8 USCMA 119, 23 CMR 343 (1957); United States v Tellier, 13 USCMA 323, 32 CMR 323 (1962). The accused, however, has had the benefits of Captain Carmichael's assistance both before and at trial.

Almost a month before trial, Captain Carmichael was designated as assistant defense counsel. It is reasonably inferable from the record that, unlike the situation of the accused's selected counsel in the *Nichols* case, Carmichael had available for review and analysis the entire Article 32 record. And, it specifically appears that he actively participated in the preparations for trial. Thus, long before trial, Carmichael's professional skill, experience, and judgment were exerted in the accused's behalf in regard to determination of the strength and weaknesses of the Government's case and the development of the defense case. At trial, the accused expressly indicated his willingness to accept Captain Carmichael in the subordinate role of assistant defense counsel. His entry of a plea of guilty to all the charges, which he had earlier negotiated with the assistance of Captain Hickman, the appointed defense counsel, manifests a conviction that further participation by Captain Carmichael could serve no useful purpose. On this record, we would be unjustified "in law or logic to set aside" the conviction entered upon the plea of guilty. United States v Mickel, supra, at page 327.

The decision of the United States Army Court of Military Review is affirmed.

DARDEN, Judge (concurring in the result):

The appellant's plea of guilty, the voluntariness and providency of which are unchallenged, forecloses him from now contesting the regularity of the Article 32, Uniform Code of Military Justice, 10 USC § 832, investigation. United States v Lopez, 20 USCMA 76, 42 CMR 268 (1970). Accordingly, I

join in affirming the decision of the United States Army Court of Military Review.

FERGUSON, Judge (dissenting):

I dissent.

An accused's right to military counsel of his choice, if reasonably available, is secured by statute. Article 38(b), Uniform Code of Military Justice, 10 USC § 838. See United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969). The determination of the availability of selected counsel must be made by the convening authority. United States v Williams, 18 USCMA 518, 40 CMR 230 (1969); United States v Cutting, 14 USCMA 347, 34 CMR 127 (1964); paragraph 48b, Manual for Courts-Martial, United States, 1969 (Revised edition).

The record in this case reflects that prior to the Article 32 investigation, the accused submitted a request to be represented by Captain Carmichael. The request was forwarded to Captain Carmichael's command where it was denied on the ground that he was unavailable. Following this rejection of his request, the accused, in accordance with the procedure set forth in paragraph 48b, Manual, supra, appealed in writing on June 17th, to the Commanding General, USATASCOMEUR (Appellate Exhibit 1) and requested to be advised of "the reason or reasons why CPT Carmichael is not available." He further stated in his letter of appeal:

"In conjunction with this appeal, I reject and refuse any and all substitute Judge Advocate Assistance in my defense and request that the Art 32, UCMJ, investigation be postponed until such time as this matter has been resolved by the CG, USAREUR."

Appellate Exhibit 2 reflects that Captain Carmichael was "unavailable per JW 16 June appt HICKMAN."[1] When the issue was raised at trial, the assistant trial counsel, Captain Brodsky, advised the military judge "[t]he words 'Unavailable per JW, appoint Hickman,

---

[1] "JW" was identified at trial as Major Willey, the Deputy Staff Judge Advocate.

16 June' are in my handwriting." There is no indication that the convening authority ever saw or was informed of the accused's request.

Captain Hickman represented the accused at the Article 32 investigation over his and the accused's objection to proceeding without the services of Captain Carmichael. At trial, Captain Hickman moved for a new Article 32 investigation on the ground that the accused had been improperly denied military counsel of his choice. Captain Brodsky opposed the motion and asserted that it was not necessary for the convening authority to act on the request. He believed it could be properly denied by the superior officer of the officer whose services had been requested. Captain Brodsky acknowledged that when the accused contacted him telephonically about the denial of his *initial* request for Captain Carmichael, he advised the accused that "I had been informed that Captain Carmichael was unavailable to represent him, and it was my understanding that he had no right to appeal."

The military judge quite properly corrected Captain Brodsky on his misunderstanding as to who should act on a request for counsel, informing him that the responsibility was that of the convening authority alone. United States v Williams, supra. With reference to the advice given the accused by Captain Brodsky, the military judge, apparently declining to view the accused's written request of June 17th as an appeal, told the accused that he should have telephonically called the convening authority personally and not have accepted the word of the opposition. Because he did not believe that the accused had properly perfected his appeal, he denied the motion for a new Article 32 investigation.

An Article 32 investigation is a hearing that is judicial in nature and scope (United States v Nichols, 8 USCMA 119, 23 CMR 343 (1957)) and an accused has a *substantial right* to be represented thereat by qualified counsel of his own choice. United States v Nichols, supra; United States v Tellier, 13

USCMA 323, 32 CMR 323 (1962), and cases cited at page 327. The Chief Judge, writing for a unanimous Court, stated in United States v Worden, 17 USCMA 486, 489, 38 CMR 284 (1968):

"*When the accused has been denied, or deprived of, the effective assistance of counsel in a proceeding in which the law gives him the right to such assistance, an appellate court will not indulge in 'nice calculations as to the amount of prejudice' resulting* from the error. Glasser v United States, 315 US 60, 76, 86 L Ed 680, 62 S Ct 457 (1942). As we pointed out earlier, there was sufficient objection at trial to entitle the accused to appropriate relief. We held in United States v Mickel, 9 USCMA 324, 327, 26 CMR 104 [1958], that 'if an accused is deprived of a substantial pretrial right,' he is, on timely objection, 'entitled to judicial enforcement of his right, *without regard to whether such enforcement will benefit him at the trial.*' See also United States v Nichols, supra." [Emphasis supplied.]

Here, as in *Worden,* the accused made timely objection at trial. See paragraph 69c, Manual, supra. The military judge was obviously in error in holding that the accused had not perfected his appeal for the services of Captain Carmichael, denied to him by "JW" on "16 June." The letter of June 17th clearly appeals from the prior determination that Captain Carmichael was unavailable and requests a written reply from the convening authority setting forth the "reason or reasons why CPT Carmichael is not available." Paragraph 48b, Manual, supra, requires that "the reasons for the determination [of unavailability], shall be made a matter of record and be included with the record of trial." The same letter of the accused rejected any and all substitute judge advocate assistance and requested postponement of the Article 32 "until such time as this matter has been resolved by the CG, USAREUR." I do not believe that the issue could have been stated more clearly. Despite the military judge's finding that the assistant trial counsel was in error as to the law (paragraph 48b, Manual, supra; United States v Smith, 13 USCMA 105, 32 CMR 105 (1962)), he himself was obviously in error in not recognizing the letter of June 17th as an appeal on this issue. In my opinion his erroneous holding was prejudicial to the substantial rights of the accused. Article 38 (b), Code; United States v Donohew; and United States v Williams, all supra.

My brothers' affirmance of this case is, in my opinion, directly contrary to the holding in *Worden,* supra, and United States v Mickel, 9 USCMA 324, 26 CMR 104 (1958), that " 'if an accused is deprived of a substantial pretrial right,' he is, on timely objection, 'entitled to judicial enforcement of his right, without regard to whether such enforcement will benefit him at the trial.' "

Since I believe that the military judge erred in denying defense counsel's motion for a new Article 32 investigation, I would reverse the decision of the Court of Military Review and direct that a new Article 32 investigation be conducted.