## UNITED STATES

### v.

**Airman Basic Donald R. PORTER, FR 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 Headquarters, 3320th Retraining Squadron Lowry Technical Training Center (ATC).**

### ACM 21847.

U. S. Air Force Court of Military Review.

8 Aug. 1975.

Appellate counsel for the Accused: Colonel William E. Cordingly and Major John A. Cutts III.

Appellate counsel for the United States: Colonel C. F. Bennett and Captain Alvin E. Schlechter.

## DECISION

EARLY, Judge:

Tried by general court-martial, the accused was convicted, despite his pleas, of absence without leave from 7 December 1973 to 23 October 1974, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The approved sentence extends to a bad conduct discharge, forfeiture of $229.00 per month for eight months and confinement at hard labor for eight months.

Appellate defense counsel invite our attention to seven errors asserted by the accused in his request for appellate representation. Some of these are without merit, and others are rendered moot by our disposition of this case.

Here, there is convincing evidence of guilt, yet because of pretrial irregularities, as indicated below, we must set aside the findings and sentence of the court.

The accused, while assigned to Eielson Air Force Base, Alaska, was tried and convicted by special court-martial for three violations of Article 92, involving sale and possession of marihuana. Prior to sentencing, the accused absented himself without leave on 7 December 1973. On the same day the court sentenced the accused in absentia to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $217.00 per month for three months and reduction to the lowest enlisted grade. The supervisory authority approved the sentence and directed confinement at Lowry Air Force Base, Colorado, "upon return to military control." After appellate review was completed and service on the accused attempted, the staff judge advocate to the general court-martial authority re-

quested that the accused be discharged in absentia, noting that since the absence occurred in an overseas area, further approval of Air Force Military Personnel Center was required for such action.* On 8 October 1974, the general court-martial convening authority authorized the execution of the bad conduct discharge in absentia. The foregoing action was forwarded to the Military Personnel Center, with a bad conduct discharge certificate (DD Form 259AF) signed by the Chief, Personnel Division, showing the accused discharged on 22 October 1974, and a copy of a Special Court-Martial Order No. 6, dated 8 October 1974, designating the United States Disciplinary Barracks, Fort Leavenworth, Kansas, as the place of confinement when the accused returned to military control. On 23 October 1974, the accused voluntarily returned to military control at Bergstrom Air Force Base, Texas, and was confined. On 29 November 1974, the accused was sent to Lowry Air Force Base, Colorado, and confined there until time of trial.

On 14 February 1975, the Commander of the 3320th Retraining Squadron preferred a charge of absence without leave for the period shown above against the accused and transmitted it to the convening authority recommending trial by special court-martial. Instead, on that same day the charge was referred to Captain Camp for investigation under the provisions of Article 32, Code, supra, and Captain Case was appointed as defense counsel.

According to the statement of Captain Case, he was approached by Captain Camp at approximately 1450 hours on the 14th of February during a recess in another Article 32 investigation, in which Captain Case was representing another accused, and was told that the investigation of the charge against this accused would begin at 1500 hours on that date. At that time Captain Case stated that he had no knowledge of the accused or the charges against him. At 1600 hours, the first Article 32 hearing was recessed so

Captain Case could attend the Article 32 hearing involving the accused. After spending some 15 minutes with the accused, Captain Case determined that there were certain motions he wished to make which would require examination of records and interviews of witnesses that could not be accomplished in the few minutes he had. Captain Case related these facts to Captain Camp and objected to consideration of the evidence and further proceedings based on lack of opportunity for adequate preparation. Captain Camp ordered the proceedings recessed until 1330 hours on 18 February 1975. The intervening three days consisted of the weekend and a Monday holiday. Captain Case told Captain Camp that this time might not be enough since the personnel records office would be closed during the three-day holiday. Captain Camp responded that he was required to leave Lowry Air Force Base on the 18th for duty out of the state and that a substitute investigating officer might be required.

On 18 February 1975, after concluding the other Article 32 investigation, Captain Case informed Captain Camp that he needed to talk to witnesses at other bases and to examine records kept at official Air Force "depositories." Captain Camp stated that he had requested substitution and was told by Captain DeBey, the chief of military justice, that substitution would not be allowed. Captain Camp did provide the defense with the accused's records kept in the staff judge advocate's office. These contained the letter authorizing the execution of the discharge in absentia. Captain Case again objected to further proceedings on the ground that he had not sufficient time to prepare. His objection was overruled, and the Article 32 hearing was conducted and concluded that afternoon. Captain Case's objections were reduced to writing and made a part of the Article 32 file.

On 4 March a pretrial advice was prepared in which trial by general court-martial was recommended. Captain Case's objec-

* See paragraph 2–97, Air Force Manual 39–12, Separation for Unsuitability, etc., dated 1 September 1966.

tions to proceeding were discussed therein as follows:

> If defense counsel felt he had inadequate time to properly prepare the defense case and research and investigate the facts and circumstances surrounding the charge, he could have requested a continuance or delay in the Article 32 investigation *by letter*, and, with all probability, it would have been granted. (Emphasis added.)

The accused's prior honorable service in the United States Army, which included a tour in Viet Nam, was not noted in this pretrial advice.

Trial was held on 20 March 1975, with the results as shown above.

Based on these facts the accused contends that the military judge erred in denying the defense motions to reopen in the Article 32 hearing, to dismiss for lack of jurisdiction and for a new pretrial advice.

■ The failure to permit the defense more time to prepare for the Article 32 investigation was, in the posture of the evidence, error. As was held in *United States v. Nichols*, 8 U.S.C.M.A. 119, 23 C.M.R. 343, 348 (1957):

> An Article 32 investigation is not a mere formality. Rather, the pretrial hearing is an integral part of the court-martial proceedings.
>
> .    .    .    .    .
>
> The substance of the motion here is that the accused was deprived of his right to counsel. This right is specifically granted to him by Article 32. Hence, if the evidence supported his contention, he was entitled to a new investigation. . . . In other words, the denial of a substantial right in the pretrial hearing will not deprive the court-martial of the power to proceed to findings and sentence, but in a particular case it can require appropriate relief, or even the reversal of his conviction.

"An unprepared counsel is tantamount to no counsel" and "[d]epriving the accused of the opportunity to interview a potential witness before his formal testimony in the proceeding may seriously undermine the ac-

cused's right of cross-examination", and to that extent "it denies his right to effective assistance of counsel." *United States v. Worden*, 17 U.S.C.M.A. 486, 38 C.M.R. 284, 286 (1968).

■ Here, it is clear beyond cavil that defense counsel was denied the proper opportunity to prepare for the Article 32 investigation. The fact that the investigating officer had to complete his investigation because of military exigencies is no ground to curtail the defense's right to seek and secure evidence beneficial to the accused. Even the press of the strictures set out in *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), does not justify undue haste. "[T]he essential ingredient is orderly expedition and not mere speed." *United States v. Mason*, 21 U.S.C.M.A. 389, 45 C.M.R. 163 (1972), citing *Smith v. United States*, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041 (1959). The accused made timely objection to proceeding at the Article 32 and at trial moved for appropriate relief. He was entitled to judicial enforcement of such a substantial pretrial right "without regard to whether such enforcement [would] benefit him at the trial." *United States v. Worden*, supra; see also *United States v. Mickel*, 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958); *United States v. Courtier*, 20 U.S.C.M.A. 278, 43 C.M.R. 118 (1971). We therefore hold that the military judge erred by denying the accused's motion for appropriate relief in the form of a new Article 32 hearing.

The accused also moved for appropriate relief for the preparation of a new pretrial advice on the ground that it did not properly advise the convening authority. Among the deficiencies asserted are the matters concerning the failure of the defense to request continuance by letter (instead of by objection), and the fact that because of the haste in conducting the Article 32 investigation, there was not time to put in appropriate matters in mitigation including the accused's honorable service and medals in the Army.

**510**

The pretrial advice "is an important pretrial protection accorded to an accused, and Congress had in mind something more than adherence to an empty ritual. . . . Therefore, to the extent that the advice . . . is incomplete, ill-considered, or misleading as to any material matter, [the staff judge advocate] has failed to comply with the statutory obligation which rests upon him." *United States v. Greenwalt*, 6 U.S.C.M.A. 569, 20 C.M.R. 285 (1955). A staff judge advocate has wide discretion in determining the matters to be included in the pretrial advice. *United States v. Stacy*, 42 C.M.R. 547 (ACMR 1970); *United States v. Foti*, 12 U.S.C.M.A. 303, 30 C.M.R. 303 (1961). However, he may not leave out matters which might have had a substantial effect on the determination of the convening authority to send the case to trial or to the level of the court selected. *United States v. Foti*, supra. The reason for omitting the accused's prior honorable Army service record stems from lack of knowledge caused by the hurried, incomplete Article 32 investigation. This fact does not relieve the burden of completeness from the staff judge advocate since the case should not be referred to trial without effort to obtain this information. As was said in *Foti*, supra at 304:

The Manual, [for Courts-Martial, United States, 1951], requires that a case be referred to the lowest court which can adjudge an appropriate sentence for the crime committed. . . . In order to aid the convening authority in that determination, facts which have a substantial effect on his decision ought to be called to his attention and thus save him the duty of going through a record with a fine tooth comb.

█ Examination of the pretrial advice here shows that although it is complete as to the elements of the offense, it is misleading as to its characterizations of the defense counsel's attempts to secure more time, and lacking in information as to the accused's prior service history. Had this information been supplied to the convening authority, it is not beyond the realm of reason that the convening authority might have referred the case to an inferior court. *United States v. Greenwalt*, supra; *United States v. Parks*, 42 C.M.R. 545 (ACMR 1970). However, we need not speculate on what might have happened, for "an accused is entitled to have his case considered in light of accurate information." *United States v. Matthews*, 23 C.M.R. 790 (AFBR 1956). This was not done here. The military judge erred in denying the motion for a new pretrial advice.

█ The accused also questions the decision of the military judge denying a motion for dismissal for lack of jurisdiction based upon the steps taken to execute the bad conduct discharge in absentia. Although the record is not completely clear on this point, there is sufficient evidence that the final step—issuance of a special order discharging the accused—was not taken. See *United States v. Sanders*, 20 C.M.R. 692 (AFBR 1955). In this case the question of jurisdiction was one of law for the military judge to make. *United States v. McNeill*, 2 U.S.C.M.A. 383, 9 C.M.R. 13 (1953); *United States v. Brown*, 13 C.M.R. 856 (1953). We hold that he did not err in denying the accused's motion to dismiss the charges for lack of jurisdiction.

The findings of guilty and the sentence are incorrect in law and are set aside. Although returning the case for another pretrial investigation and advice would normally be a proper remedy based on the deficiencies in the case, we believe that justice can best be served by ordering the charge dismissed.

LeTARTE, Chief Judge, concurs.

ORSER, Judge, absent.