## UNITED STATES

v.

Private (E-2) Stephen F. NICHOLSON, 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, US Army, Headquarters Battery, 2d Battalion, 2d Field Artillery, Fort Sill, Oklahoma.

### CM 431855.

U. S. Army Court of Military Review.

5 Sept. 1975.

Appellate counsel for the Accused: CPT Preston Wilson, JAGC; CPT Albert T. Berry, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC; COL Victor A. De Fiori, JAGC.

Appellate counsel for the United States: CPT Russell S. Estey, JAGC; MAJ Steven M. Werner, JAGC.

## OPINION OF THE COURT

COOK, Judge:

The appellant was brought to trial for allegedly breaking into the brigade gymnasium on two separate nights in January 1974 and for rifling the contents of vending machines he found located therein. These activities resulted in the preferral of two specifications of unlawful entry in violation of Article 130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 930; two specifications of larceny in violation of Article

121, UCMJ, 10 U.S.C. § 921; and two specifications of willful damage to non-military property in violation of Article 109, UCMJ, 10 U.S.C. § 909. Contrary to his pleas, he was found guilty of all charges and specifications and sentenced as noted above.

On appeal, as at trial, the appellant bottoms his defense upon two legal issues. The first deals with the question of the validity of his consent to a search of his automobile. The second concerns a question of compliance with the requirements of Article 32, UCMJ.

On 5 and 16 January 1974, a brigade gymnasium at Fort Sill was broken into, vending machines were ripped open and their contents stolen. On 26 January 1974, the appellant's automobile was impounded by the Lawton, Oklahoma, civilian police because it was found at the scene of a burglary. The next morning, appellant reported to the Fort Sill military police that his car had been stolen.

On 29 January 1974, a detective from the Lawton police department asked that appellant come down to the station house to discuss his impounded automobile. The appellant appeared and after approximately thirty minutes of interrogation, which had been preceded by a *Miranda*[1] warning, the detective asked the appellant for permission to search his car. The detective informed appellant that he did not have to consent, but that if he didn't he (the detective) was going to obtain a search warrant and, that this might take two to three hours, during which time the appellant would have to remain at the station house. At this point, appellant consented to the search. The ensuing search led to the discovery of a cache of cigarettes which had been stolen from the gymnasium during the aforementioned break-ins. The Fort Sill police were notified and an investigation followed which resulted in the accused's trial.

Part of this investigation consisted of an Article 32, UCMJ, hearing. This hearing was conducted to determine the validity of the charges contained on a charge sheet dated 13 February 1974. As a result of this procedure, which was concluded on 5 March 1974, the charge sheet was returned to the accuser for alterations in some of the specifications. Changes were accomplished and these altered specifications were entered, and resworn to, on a charge sheet dated 25 March 1974. No new Article 32, UCMJ, investigation was initiated and the appellant was brought to trial, over his objection, on the reconstituted charges.

■ "Evidence obtained as a result of a search and seizure is admissible if it clearly appears that the accused consented to the search." *United States v. Berry,* 6 U.S.C. M.A. 609, 613, 20 C.M.R. 325, 329 (1956). "Testimony intended to show the waiver of a fundamental right must be carefully examined. When a claim of waiver is made, the government must affirmatively show its existence." *United States v. Wilcher,* 4 U.S.C.M.A. 215, 218, 15 C.M.R. 215, 218 (1954). The burden on the government to establish a consent to search is an especially heavy one when the appellant was in custody at the time the consent was obtained. *United States v. Berry, supra; United States v. Justice,* 13 U.S.C.M.A. 31, 32 C.M.R. 31 (1962).

While these principles are reasonably easy to comprehend, their application may prove to be difficult. Such application is an *ad hoc* process. *United States v. Wilcher, supra; United States v. Berry, supra.*

■ Appellant asserts that his youth, his limited formal education, the fact that he was given to believe he was in a form of custody and the officer's threat to obtain a search warrant if he didn't consent, all coalesce to create a coercive context in which consent was impossible. We disagree.

The record reveals that the appellant was given a *Miranda* warning at the outset of his interrogation; that he had been at the station house only twenty to thirty minutes at the time he consented; and, that he had been specifically informed that he did not have to consent to the search of his car.

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ While a consent need not be preceded by an Article 31, UCMJ (10 U.S.C. § 831), or *Miranda* -type warning in order to establish its voluntariness, such a warning may be considered in determining whether appellant consented to the search or merely succumbed to authority.[2] Additionally, it is not coercive or threatening to inform an individual that if consent is refused a search warrant will be obtained.[3]

After weighing all the evidence in this case, the Court finds that it is clear and positive that appellant's consent was unhampered by duress or coercion, actual or implied. *United States v. Westmore,* 14 U.S.C.M.A. 474, 34 C.M.R. 254 (1964). Therefore, the search premised on appellant's consent was legal.

The litmus test applicable to allegations of inadequate pretrial investigations is one of "substantiality."

Paragraph 69*c,* Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev.)) states: "A *substantial* failure to comply with the requirements of 34 and Article 32 may be brought to the attention of the court by a motion for appropriate relief. Such a motion should be granted only if the accused shows that the defect in the conduct of the investigation has in fact prevented him from properly preparing for trial or has otherwise injuriously affected his *substantial* rights. . . . " (Emphasis added).

Once such a substantial defect or deprivation has been discovered, the appellant "is entitled to judicial enforcement of his right without regard to whether such enforcement will benefit him at trial." *United States v. Donaldson,* 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975); *United States v. Courtier,* 20 U.S.C.M.A. 278, 43 C.M.R. 118 (1971); *United States v. Mickel,* 9 U.S.C.M.A. 324, 327, 26 C.M.R. 104, 107 (1958).

In approaching the threshold problem of "substantiality" this Court has examined the specifications which were the subject of the pretrial investigation and compared them against those to be found on the charge sheet on which the appellant was tried. Additionally, this Court has read the Article 32 report of investigation and the exhibits attached thereto.

It is noted that the appellant only complains that three of the six specifications on which he was tried went to trial without the required pretrial investigation. From our examination of these three we find that the first specification objected to was changed from a succinct allegation of a theft of products worth $113.50 to a more expanded recital of the types of machines from which the produce were removed and types of produce stolen. Additionally, the total value of the produce stolen was raised $18.75, from $113.50 to $132.25. Similarly, the second complained of specification was re-written to specify the value of the machines that were damaged and the precise amount of damage suffered by each one. In this instance the sum total of the damages was raised by $2.00 from $121.50 to $123.50. And, in the final specification under consideration the language was redesigned to particularize the value of each machine damaged, however, there was no revision as to the total amount of the damages. All of these changes were occasioned by evidence adduced by the Article 32 investigating officer.

■ From the foregoing, it is obvious that there wasn't any substantial impairment of the appellant's rights, if indeed these miniscule alterations constitute an impairment of any measurable magnitude. The "thorough and impartial investigation" mandated by paragraph 34*a,* MCM 1969 (Rev.), implementing Article 32, UCMJ, was had in this case.

■ The findings of guilty are affirmed. On the basis of a consideration of the entire record, only so much of the sentence as

---

2. *United States v. Rushing,* 17 U.S.C.M.A. 298, 38 C.M.R. 96 (1967); *United States v. Whitacre,* 12 U.S.C.M.A. 345, 30 C.M.R. 345 (1961); *United States v. Insani,* 10 U.S.C.M.A. 519, 28 C.M.R. 85 (1959).

3. *United States v. Rushing, supra; United States v. Marrelli,* 4 U.S.C.M.A. 276, 15 C.M.R. 276 (1954).

provides for dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the grade of Private E–1 is affirmed.

Chief Judge SNEEDEN and Senior Judge CARNE concur.