UNITED STATES

v.

**Airman First Class James R. GRIFFIN, FR 491–62–3211 52d Field Maintenance Squadron United States Air Forces in Europe.**

ACM 22042.

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Jan. 1976.

Decided 30 June 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Byron D. Baur. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Lieutenant Colonel Abraham A. Dash, USAFR.

Before ROBERTS, HERMAN, ORSER and SANDERS, Appellate Military Judges.

## DECISION

SANDERS, Judge:

The accused was tried by a general court-martial military judge and found guilty, pursuant to his pleas, of violating a lawful general regulation by wrongfully possessing a proscribed drug and by wrongfully selling the same drug, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $150.00 per month for four months and reduction to airman basic. The place of confinement was designated as the 3320th Retraining Group, Lowry Air Force Base, Colorado, for immediate entry into the retraining program.

Appellate defense counsel have submitted three assertions of error. Although we find them to be lacking in merit or otherwise requiring no corrective action on our part, we briefly discuss the errors claiming the request for a new Article 32, Code, 10 U.S.C. § 832, supra, investigator's report and Staff Judge Advocate's pretrial advice was improperly denied by the military judge and that the accused was prejudiced by the trial counsel's "general deterrence" argument on sentence.

Prior to the accused's guilty pleas, the defense moved for a new Article 32 investigation and pretrial advice because a certain taped portion of the proceeding was apparently never included in the investigator's

report submitted to the convening authority. The investigating officer had indicated, pursuant to the defense's request, that a transcript of a taped statement by the defense would be attached to the report. In an offer of proof to the military judge, the defense stated that the taped statement involved "certain positions by the defense" as to why "their case should not go to trial." This involved "circumstances surrounding the case, the individual involved, the testimony, certain issues that will not come before this court." The defense also "pointed out that we felt that the convening authority should consider other forums" and that one person involved had no charges brought against him.

■ As we read the record, the offer of proof involved, in essence, the argument of counsel presented at the investigation. Neither Article 32 nor paragraph 34 of the Manual for Courts-Martial, United States, 1969 (Rev.) require that argument or comments be made a part of the report of investigation. However, it is within the discretion of the investigating officer to include such matters. We believe it improper not to submit such matters to the convening authority along with the investigative report when requested by defense counsel and agreed to by the investigating officer. This appears to be the situation in this case. Although not before the military judge at the time of his ruling on the motion for appropriate relief the post-trial review indicates it was the investigating officer's intention and understanding that the matter would be forwarded to the convening authority.

■ For purposes of our decision we assume error, under the circumstances, in not forwarding the statement made by the defense counsel at the Article 32 investigation. However, we are not persuaded that there was a failure to comply substantially with the requirements of Article 32 which resulted in prejudice to the substantial rights of the accused at trial. Paragraph 34 a, Manual, supra; *United States v. Mickel*, 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958). The accused entered pleas of guilty to the offenses. Generally such a plea waives pretrial defects which are not jurisdictional or a violation of due process. *United States v. Lopez*, 20 U.S.C.M.A. 76, 42 C.M.R. 268 (1970); *United States v. Henry*, 50 C.M.R. 685 (A.F.C.M.R.1975), pet. denied, —— M.J. —— (1975). Cf. *United States v. Donaldson*, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975). Nor are we persuaded that the accused was in any way prejudiced because his case was referred to trial before a general court-martial. See *United States v. Engle* (No. 30,-660), 1 M.J. 387 decided 9 April 1976. In this regard we note several significant factors in the record: (1) the investigating officer who heard the statement by defense counsel at the investigation nonetheless recommended trial by general court-martial; (2) the offenses involved clearly warranted trial by general court-martial; (3) the convening authority had earlier rejected a request by defense counsel to review the disapproval of the accused's request for discharge for the good of the service pursuant to Section F, paragraph 2–78, Air Force Manual 39–12; (4) the sentence adjudged was significantly less than the maximum sentence authorized for imposition even at a special court-martial; and (5) the accused was sent to the 3320th Retraining Group, Lowry Air Force Base, Colorado, for immediate entry into the retraining program. Under the circumstances, we find no reasonable possibility of prejudice to the accused or cause to order any type of corrective action. *United States v. Mickel*, supra; *United States v. Courtier*, 20 U.S.C.M.A. 278, 43 C.M.R. 118 (1971).

■ Regarding the assertion of error claiming prejudice as a result of trial counsel's reference to deterrence of others in his argument on sentence, we do not conclude that, taken as a whole, it urged a more severe sentence than would otherwise be appropriate. *United States v. Davic*, 1 M.J. 865 (A.F.C.M.R.1976). Further, this was a trial before a military judge alone who, it is safe to presume absent a clear indication to the contrary, was unaffected by any impropriety in trial counsel's comments. (*United States v. Moore*, 1 M.J. 856 (A.F.C.M.R.

1976)) and the sentence adjudged was lenient when compared with the maximum authorized. *United States v. Bates,* 1 M.J. 841 (A.F.C.M.R.1976). The possibility of prejudice from trial counsel's argument is lacking.

The approved findings of guilty and the sentence are

Affirmed.

ROBERTS, Senior Judge, and HERMAN and ORSER, Judges, concur.