**UNITED STATES**

v.

**Staff Sergeant John L. MIRO, FR 267–98–5876, United States Air Force.**

**ACM 24950.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 June 1985.

Decided 27 March 1986.

---

■■■■■■■■

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Deborah J. Hudspeth.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Donal F. Hartman, Jr., and Major David F. Barton.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant was convicted of sexually abusing and physically assaulting his 13 year old daughter. He was sentenced to a dishonorable discharge, 15 years confinement and reduction to airman basic. However, because of the manner in which the pretrial investigation was conducted, as indicated below, we are compelled to set aside the findings and sentence of the trial court.

Sometime during the previous winter the appellant's conduct with his daughter came under official scrutiny. On 2 April 1985, charges were preferred alleging the misconduct stated above. That same afternoon Captain Paolillo, a circuit defense counsel, who had been alerted the previous day, 1 April, that he was to represent the appellant, was given copies of the charge sheet and statements incriminating his client. On 2 April, a pretrial investigating officer was also appointed. Article 32, U.C.M.J., 10 U.S.C. § 832; R.C.M. 405. This officer began the pretrial hearing at approximately 1230 hours, the next day, 3 April.

Once the pretrial investigation was convened, Captain Paolillo sought a delay in the proceedings because he had "insuffi-

cient time to prepare." He reminded the investigating officer that he had just been appointed the appellant's counsel and had received the charge sheet together with statements of potential witnesses less than 24 hours before, and had just finished reading the documents that morning. He also stated he had only been able to confer with his client "for a few short meetings." The ostensible reason for this rush to judgment in convening the pretrial investigation was the anticipated unavailability of the victim who had been placed in a 30 day evaluation program for abused children in a state hospital at Opelika, Alabama, which is approximately 75 miles from Maxwell Air Force Base, the site of the pretrial investigation. The period of delay sought by Captain Paolillo is not apparent from the transcript, but a reasonable estimate would be 10 days to two weeks because Paolillo's duties as circuit defense counsel made him unavailable the week of 7 April.

Captain Paolillo expressed a misgiving that the victim's testimony was to be taken verbatim and could be used at the trial proper in the event she became unavailable as a witness.[1] See Mil.R.Evid. 801(d)(1). He pointed out he had not had an opportunity to investigate the circumstances or even to interview the victim. Under these conditions he contended he had not been given adequate time to prepare for the hearing and could not adequately cross-examine the crucial witness to the allegations. The investigating officer noted the objection for the record, but stated "the hearing would proceed." She did, however, permit defense counsel to interview each witness prior to the witness testifying.

At trial, the defense counsel renewed his objection to the manner in which the pretrial investigation was conducted. He again urged that he was not given adequate time to prepare for the hearing. The trial judge made lengthy findings of fact and concluded:

1. Defense counsel's concern in this area was prophetic. At trial the victim recanted the testimony she gave at the pretrial investigation saying that none of the events she had previously described ever happened. She stated she lied about the entire matter in order to "hurt" her

father. Thereafter, the trial counsel offered, and the trial judge admitted, the testimony the girl had given at the pretrial hearing. See Mil. R.Evid. 801(d)(1). This testimony was crucial to the government's case against the appellant.

[T]he defense counsel can not point out any specific which would lead to the fact that the [appellant] had in any way been prejudiced by the method by which the [pretrial investigation] was conducted and that the [appellant] was deprived of his discovery rights;

Accordingly, he found substantial compliance with Article 32 of the Code, and denied the defense motion to reopen the pretrial investigation.

■ Pretrial investigation under Article 32 of the Code serves a dual function. It is a discovery proceeding for the accused and stands as a protection against baseless charges. *United States v. Samuels,* 10 U.S.C.M.A. 206, 27 C.M.R. 280 (1959). Further, the investigation is judicial in nature and scope. As such, an accused is entitled to counsel who has had adequate time to prepare. An unprepared counsel is tantamount to no counsel at all. See *United States v. Porter,* 1 M.J. 506 (A.F.C.M.R. 1975). The issue before us is one of due process. In *United States v. Worden,* 17 U.S.C.M.A. 486, 38 C.M.R. 284 (1968), a situation strikingly similar to the case at bar, Chief Judge Quinn, writing for a unanimous court, stated:

Depriving the accused of the opportunity to interview a potential witness before his formal testimony in the proceeding may seriously undermine the accused's right to prepare for the proceeding, it denies his right to effective assistance of counsel. [citations omitted]. *Worden,* 38 C.M.R. at 286, 287.

■ We acknowledge that the investigating officer here permitted the defense counsel to interview witnesses prior to their testimony being taken, but this procedure is hardly an acceptable substitute for prehearing preparation. In any pretrial investigation, and certainly where sexual abuse is alleged, the opportunity to investigate adverse witnesses is paramount. *United States v. Worden, supra.* Further, there is nothing in the record and allied papers that suggests that the victim would not be available for a pretrial hearing after Captain Paolillo's prior professional commitments had been satisfied. Indeed, there is evidence to the contrary. In her report,

the investigating officer made it clear that although the victim was in an evaluation program for abused children, she could be released, if necessary, to testify. The hospital where she was being treated, was at most, two hours away by car. Even if the availability of the victim was a major concern to the investigating officer, it was still no reason to curtail the appellant's right to seek and secure evidence that might be of benefit to him.

■ The record demonstrates that neither the investigating officer nor the trial judge fully understood the significance of an Article 32 investigation. The investigating officer failed to grasp the notion that the entire process is a judicial hearing in which an accused is entitled to counsel who is adequately prepared. The trial judge, unfortunately, was of the view that the appellant must demonstrate prejudice. This is not so, for "if an accused is deprived of a substantial pretrial right on timely objection, he is entitled to judicial enforcement of his right, without regard to whether such enforcement would benefit him at the trial." *United States v. Mickel,* 9 U.S.C.M.A. 324, 327, 26 C.M.R. 104 (1958); *United States v. Castleman,* 11 M.J. 562 (A.F.C.M.R.1981).

Our holding today forges no new law, but reaffirms our earlier decisions that an accused is entitled to counsel at a pretrial investigation who is adequately prepared to act as such. In the case before us, this was not the situation. Accordingly, the findings of guilty and the sentence are set aside. The appellant is entitled to a new Article 32 investigation, following which a rehearing may be ordered. *United States v. Worden, supra; United States v. Castleman, supra; United States v. Lewis,* 8 M.J. 838 (A.C.M.R.1980); see generally *United States v. Maness,* 48 C.M.R. 513 (C.M.A.1974).

FORAY, Senior Judge, and MICHALSKI, Judge, concur.