Salvador DIAZ, Chief Firecontrolman
(E–7), U.S. Navy, Petitioner,

v.

UNITED STATES, Respondent.

NMCM 200000903.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

1 Sept. 2000.

LEO, Senior Judge:

The petitioner has submitted a petition for extraordinary relief in the nature of a writ of mandamus. He alleges that the military judge improperly denied his motion to dismiss the charges against him and his demand for a further investigation of these charges in accordance with Article 32(c), Uniform Code of Military Justice, 10 U.S.C. § 832(c). He requests an order from this court dismissing all charges and specifications or, in the alternative, an order to the respondent compelling a new or further investigation pursuant to Article 32, UCMJ. We find that the petitioner has failed to establish that he was denied a clear and indisputable statutory right with respect to the pretrial investigation. Accordingly, the petition is denied.

## I.

On 29 November 1999, the petitioner was officially charged with three specifications of rape of a minor and two specifications of indecent acts with a minor, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920 and 934. On 7 April 2000, an investigation was conducted pursuant to Article 32, UCMJ. On 8 May, the above charges were referred to a general court-martial for trial. On 31 May, the referred charges were dismissed by the Government without prejudice; that day, the same charges were also re-preferred and re-referred to the same general court-martial. The parties agree that this was done to correct a defect in the original preferral of charges; the charges were technically unsworn because the person administering the oath to the accuser was not authorized to do so, either by statute or regulation.

On 5 June 2000, the petitioner submitted a written demand to the convening authority for a new investigation. On 6 June, he moved at trial to have all of the charges dismissed on the grounds that the Government had referred these charges to a general

court-martial without a proper investigation, as required by Article 32, UCMJ. He argued that the Government had failed to comply with Article 32(c), UCMJ, by denying his demand for a further investigation. The petitioner's pretrial motion was litigated before the military judge on 14 June. The military judge denied the petitioner's demand for a new investigation and his motion to dismiss. On 16 June, the petitioner requested a writ of mandamus from this court and moved to stay the proceedings below pending a decision by this court on his petition. On 20 June, this court granted the stay and ordered the Government to respond to the petitioner's writ request. Counsel for both sides presented oral argument before this court on 15 August.

## II.

Under the All Writs Act, 28 U.S.C. § 1651(a), this court is empowered to grant extraordinary writs when "necessary or appropriate in aid of [its] jurisdiction[ ] and [when] agreeable to the usages and principles of law." *See also Dettinger v. United States,* 7 M.J. 216, 219 (C.M.A.1979); *Aviz v. Carver,* 36 M.J. 1026, 1028 (N.M.C.M.R. 1993). Because this court is the highest judicial tribunal within the Department of the Navy, this writ authority is in aid of its mandate to supervise the administration of courts-martial within the Department. *Dettinger,* 7 M.J. at 220. This court, therefore, has the authority to consider the merits of this petition.

The issuance of an extraordinary writ is "a drastic remedy that should be used only in truly extraordinary situations." *Aviz,* 36 M.J. at 1028. It is generally disfavored because it disrupts the orderly process of appellate review that occurs only after the completion of a court-martial proceeding in which an accused has been convicted. *McKinney v. Jarvis,* 46 M.J. 870, 873–74 (Army Ct.Crim.App.1997). For that reason, "the petitioner bears the burden of demonstrating that he is entitled to [the extraordinary relief] as a clear and indisputable right." *Aviz,* 36 M.J. at 1028; *accord, Ross v. United States,* 43 M.J. 770, 771 (N.M.Ct. Crim.App.1995).

A writ of mandamus is generally issued by a superior court to compel a lower court "to perform mandatory or purely ministerial duties correctly." Black's Law Dictionary 973 (7th ed., 1999). The purpose of the writ is "to confine" the lower court to the area in which it properly exercises discretionary power or "to compel it" to carry out a nondiscretionary duty. *Dew v. United States*, 48 M.J. 639, 648 (Army Ct.Crim.App.1998)(internal quotes and citation omitted). Accordingly, the issuance of a writ is warranted only where the petitioner has a clear and indisputable entitlement to relief and the normal process of appellate review effectively denies the petitioner a substantial right to which he is otherwise entitled. *Aviz*, 36 M.J. at 1028.

### III.

At trial, the military judge found that the charges had already been investigated under Article 32, UCMJ, with the full participation of the defense; he also found that the earlier dismissal of the unsworn charges due to a technical defect in the preferral process did not necessitate a new or further investigation. Accordingly, in the absence of any material differences between the charges before and after they were properly preferred, the military judge ruled that the petitioner had received the full, impartial investigation to which he was statutorily entitled. *See* Record at 29–31; Appellate Exhibit IX.

In resolving the issue before this court, we look to basic rules of statutory construction.

> It is a general rule of statutory construction that if the statute is clear and unambiguous, a court may not look beyond it but must give effect to its plain meaning, unless to do so would produce absurd results or bring about a result completely at variance with the statutory purpose.

*United States v. McGowan*, 41 M.J. 406, 413 n. 4 (1995)(internal quotes and citation omitted). The law favors a "rational and sensible construction" of statutory language and permits a departure from the literal construction of a statute when it would "clearly be inconsistent with the purposes and policies of the act in question." Sutherland Statutory Construction, § 45.12 at 61 (5th ed.1992)(internal quotes and citations omitted). In construing a statute, each provision must be interpreted in context with every other provision of the statute "so as to produce a harmonious whole." *Id.* § 46.05 at 103 (citation omitted).

Under the Uniform Code of Military Justice, charges may not be referred to a general court-martial for trial until a thorough, impartial pretrial investigation into the allegations has been conducted. Art. 32(a), UCMJ. An accused must be formally charged and then advised of the allegations against him before the investigation is conducted. Art. 32(b), UCMJ. Charges are formally filed or "preferred" when reduced to writing onto a charge sheet and sworn to by an accuser before a commissioned officer authorized to administer the oath.[1] Art. 30, UCMJ, 10 U.S.C. § 830; RULE FOR COURTS MARTIAL 307(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.). At the investigation itself, an accused is entitled to an array of additional rights. *See* Art. 32(b), UCMJ.

If an investigation substantially complying with Article 32(b), UCMJ, has been conducted into the subject matter of the criminal allegations *before* the accused is formally charged, "no further investigation of that charge is necessary under this article unless it is demanded by the accused after he is informed of the charge." Art. 32(c), UCMJ. "A demand for further investigation entitles the accused to recall witnesses for further cross-examination and to offer any new evidence in his own behalf." *Id.* Congress added this subsection in order to address courts of inquiry and other such investigations that afford accused persons with rights generally satisfying the requirements of Article 32(b), UCMJ. *United States v. Gandy*, 9 C.M.A. 355, 26 C.M.R. 135, 138–39, 1958 WL

---

1. The preferral of charges is akin to a formal indictment or information. *United States v. Vo-* gan, 35 M.J. 32, 33 (C.M.A.1992).

3321 (1958); *see also* R.C.M. 405(b), Discussion.

In 1996, the Article was amended to allow the investigating officer to inquire into uncharged offenses uncovered in the course of the pretrial investigation that had not been preferred, so long as all of the rights prescribed in subsection (b) were afforded to the accused with respect to the uncharged offenses. *See* Art. 32(d), UCMJ. The purpose of the amendment was to "reduce the time, delay, and administrative burden associated with obtaining the convening authority's approval for investigation of additional misconduct" while, at the same time, ensuring that the accused is still afforded all of the same rights under the current statute. National Defense Authorization Act for Fiscal Year 1996: H.R. CONF. REP. No. 104–450, at 854, *reprinted* in 1996 U.S.C.C.A.N. at 379–80.

In addressing the statutory requirements of Article 32(c), UCMJ, the military judge acknowledged that generally only properly sworn charges could be investigated and that none had been placed before the investigating officer in this case due to the defective preferral. However, he determined that the 1996 amendment adding subsection (d) was controlling because it permitted the investigation of unsworn charges under Article 32, UCMJ. *See* Record at 31. We believe the military judge was correct.

In construing subsections (c) and (d) in the context of the overall statute and its purpose,[2] we believe that Congress created, in effect, an exception to the "demand" element in subsection (c) when investigations conducted under Article 32, UCMJ, meet the enumerated conditions of subsection (d). We can discern no material difference between unsworn charges that are investigated *ab initio* pursuant to Article 32, UCMJ, and uncharged offenses uncovered in the course of a pretrial investigation that are thereafter investigated pursuant to subsection (d) of the same Article. In short, to grant this petition would be to exalt form over substance and, thereby, take a position that is clearly contrary to the purpose of the statute.[3] We decline to do so. The petitioner was afforded all of the statutory rights under Article 32, UCMJ, to which he was entitled, even though the charges at the time were unsworn. We are convinced that the purpose of this statute has been fully satisfied.

### IV.

We find that the military judge's ruling in this case is not clearly contrary to statute or settled case law and that the relief requested by the petitioner, therefore, should not be granted. The petition is hereby denied, and the stay of the proceedings below is dissolved.

Judge ANDERSON and Judge NAUGLE concur.

---

2. "The Article serves a twofold purpose. It operates as a discovery proceeding for the accused and stands as a bulwark against baseless charges." *United States v. Samuels*, 10 C.M.A. 206, 27 C.M.R. 280, 286, 1959 WL 3613 (1959); *United States v. Miro*, 22 M.J. 509, 511 (A.F.C.M.R.1986).

3. "Fairness and common sense, not technicalities, should rule the law." *United States v. Townes*, 52 M.J. 275, 277 (2000)(Sullivan, J., concurring in result).