The decision of the United States Army Court of Military Review is affirmed.

**UNITED STATES, Appellee,**

v.

**Elmer C. BLAKEY, Private, U. S. Army, Appellant.**

**No. 30,104.**

U. S. Court of Military Appeals.

Jan. 9, 1976.

Lieutenant Colonel James Kucera, Captain J. D. Miller, and Captain Sammy S. Knight were on the pleadings for Appellant, Accused.

Captain John F. Schmutz and Captain Joel M. Martel were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

We granted the appellant's petition for review to await our decision in United States v. Evans, 1 M.J. 206 (1975), on the question of the representation of several accused by a single defense attorney. The appellant's brief best states his request of this Court:

Appellant urges this Honorable Court to interpret Article 38(b) . . . [Uniform Code of Military Justice, 10 U.S.C. § 838(b)], as imparting to each and every accused standing before a special or general court-martial the absolute right to his own individually detailed defense counsel, to be shared with no other accused standing before the same court-martial in a joint or common trial, regardless of the presence or absence of any real or potential material conflict in the defenses of the several accused. Any other interpretation denies appellant a true and viable exercise of his "right to be represented . . . by defense counsel detailed . . ." [under] Article 38(b), Code, supra. [Emphasis in text.]

While we do not presently so hold, it is with increasing disturbance that we continue to examine, in case after case, instances wherein the defense counsel involved in a multiple representation situation finds himself bogged down in a quagmire of ineluctable conflict. Fortunately, the case before us is an exception to this recurring problem,

for nothing in the record before us hints at a conflict of interest in this defense counsel's representation of the several accused.

■ In Evans, we held that the sole detailed counsel for that accused encountered a conflict of interest in representing several clients which he erroneously failed to appreciate and to remedy. As a defense lawyer has certain ethical and legal responsibilities in such an instance, we determined that the attorney's continued representation of the accused in light of such conflict constituted reversible error. The legal profession recognizes the plight of the defense attorney who undertakes—or, in the military setting, who is directed[1]—to represent more than one defendant at a joint or common trial:[2]

The potential for conflict of interest representing multiple defendants is so grave that ordinarily a lawyer should decline to act for more than one of several co-defendants except in unusual situations when, after careful investigation, it is clear that no conflict is likely to develop and when the several defendants give an informed consent to such multiple representation.

■ Clearly, these guidelines contemplate that the usual situation is for each accused in a criminal case to be represented by his own individual defense attorney. Only in exceptional cases, after certain specific precautions have been taken, may deviation from this norm be countenanced. In short, it is not the rule, but rather the exception, that one attorney may represent multiple accused at a joint or common trial. Unfortunately, it appears in the records sent to us for review that our exhortation to that effect continues unheeded to far too great a degree.

■ We now reiterate our admonition in Evans. Several personnel at the trial level

---

1. Even though on orders to represent more than one accused, every defense counsel—as a member of the legal profession—is charged with comporting himself with the ethical dictates of his chosen vocation. To the extent he finds himself embroiled in a conflict of representation, it is his duty to take the steps necessary to extricate himself therefrom.

2. ABA Standards, The Defense Function § 3.5(b). See also ABA Code of Professional Responsibility, DR 5–105.

share substantially in carrying the burden of ascertaining the absence of any possibility of conflict in multiple representation. In our judgment the military would be well advised, in light of this shared burden of responsibility at all stages in the trial arena, to avoid any problem from arising by initially appointing separate counsel for each accused. This certainly is the spirit of the ethical charges of the legal profession, as well as the spirit of the concern of insuring both the fact and the appearance of uncompromised justice. Nobody involved in the trial process may escape this responsibility—neither the convening authority, nor the defense counsel, nor the trial judge.

■ Because no conflict is revealed in the case at bar, and because we now decline to adopt the interpretation appellant urges upon us, the decision of the Army Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

COOK, Judge (concurring in result):

In *United States v. Evans,* 1 M.J. 206 (1975), the Court stressed the importance of being continuously alert to the possibility of prejudice in the representation of multiple accused, but it recognized that one lawyer can properly act for several accused.

The initial assignment of defense counsel for an accused rests with the convening authority. Article 27, Uniform Code of Military Justice, 10 U.S.C. § 827. For a valid reason, the accused can refuse assigned counsel and request a replacement,[3] but the article does not require, or imply, that a separate lawyer must be detailed for each of several accused. Nor does our opinion in *Evans* contemplate the possession of such a right by the accused. Recognition of a right to a personally selected attorney appears only in Article 38(b) of the Code. That article invests the accused with the right to request individual military counsel by name or description,[4] but the appointment of such counsel depends upon whether

he is "reasonably available." Moreover, it seems to me that the better practice was recently commented on by the United States Court of Appeals for the Seventh Circuit in *United States v. Mandell,* 525 F.2d 671 (7th Cir. 1975):

[T]he primary responsibility for the ascertainment and avoidance of conflict situations must lie with the members of the bar. This is especially true in the common representation situation, for all courts have recognized that common representation, without a showing of conflicting interests, is not in itself a violation of the Sixth Amendment, and that there may be excellent reasons for preferring the use of a single attorney in a particular case.

The court did not adopt a rule that would impose upon the trial judge the obligation to remind multiple accused of the potential danger of representation by a single attorney. Certainly, the trial judge should be alert for indicia of conflict, but I perceive no requirement in the Constitution, the Uniform Code, the Manual for Courts-Martial, or in sound practice, that would require, as the majority indicate might be necessary, a rule that each accused has a right to "his *own* [appointed] individual defense attorney."

As the principal opinion indicates, nothing in the record suggests a conflict of interest in defense counsel's representation, and the accused specifically refused other counsel. The record, therefore, presents no error, and I join in affirming the decision of the Court of Military Review.

**3.** *See United States v. Bell,* 11 U.S.C.M.A. 306, 29 C.M.R. 122 (1960).

**4.** *United States v. Cutting,* 14 U.S.C.M.A. 347, 34 C.M.R. 127 (1964).