■ The Court of Military Review in its opinion aptly held early periods of delay purportedly pursuant to defense requests to be fully accountable to the Government because they were procured by the trickery of the staff judge advocate's chief of military justice and were not based on genuine defense desires or needs.[5] Conversely, it attributed to the defense all delay requested by it subsequent to a certain date, May 10, 1973, after which it found that such deceit played no apparent role in prompting such requests. However, the only of defense delay requested thereafter, prior to appellant's release from pretrial confinement on July 6, was from June 18 until July 16. Since the appellant was released from pretrial confinement, as noted, on July 6, and not thereafter confined or restricted, only the time from June 18 until July 6 is deductible from the total of 127 days involved. The subtraction of these 18 days therefrom results in a final total of 109 days of pretrial confinement laid squarely at the door of the Government.[6] Hence, the *Burton* rule and its remedy must attach.[7]

■ We believe that many of the problems involved in attributing pretrial delays will be ameliorated if all such requests for delay, together with the reasons therefor, were acted upon by the convening authority prior to referral of charges to a court-martial, or by the trial judge after such referral, rather than for them to be the subject of negotiation and agreement between opposing counsel. This procedural requirement will establish as a matter of record who requested what delay and for what reason.

The decision of the U.S. Air Force Court of Military Review is reversed. The findings and sentence are set aside, and the charges are dismissed.

Chief Judge FLETCHER and Judge COOK concur.

UNITED STATES, Appellee,

v.

**Douglas R. CAGLE, Specialist Four, U.S. Army, Appellant.**

No. 30,191.

U. S. Court of Military Appeals.

Jan. 9, 1976.

---

5. Appellant's detailed military counsel was appointed to represent him early in March 1973. On March 12, he asked the chief of military justice to assist him in obtaining the appellant's release from pretrial confinement. The chief of military justice agreed to do so on the condition that the appellant's counsel cover the anticipated delays in bringing his client to trial. Concerned primarily with the appellant's release, the defense counsel improperly acquiesced, not knowing that the chief of military justice had already arranged for the appellant's release. This type of agreement between counsel may not be condoned. Particularly damnable are the unconscionably delusive tactics of the chief of military justice.

6. Although the Court of Military Review performed the task of evaluating the delays discussed and of ruling as to the appropriate party to whom each must be attributed, for some reason it stopped at that point and failed to do the computation required to arrive at a "bottom line" of pretrial confinement delay accountable to the Government. Apparently what that court did was to subtract the total delays attributable to the defense—both while the appellant was in pretrial confinement and after his release therefrom approximately 2 months before trial—from the total number of days of pretrial confinement time. To clarify, only the number of days which are the responsibility of the defense *during* the time an accused is in confinement are properly deductible from the total confinement time.

7. It has been necessary for us to go into the factual detail apparent in preceding footnotes because the opinion of the Air Force Court of Military Review, commendably frank in its citing and discussing possible legal and ethical transgressions by participants at the trial level, for some reason has not been selected for publication in the Court-Martial Reports.

254

Lieutenant Colonel James Kucera, Captain Gordon R. Denison, and Captain Frederick G. Boynton were on the pleadings for Appellant, Accused.

Lieutenant Colonel Donald W. Hansen, Captain William C. Kirk, and Captain Raymond Michael Ripple were on the pleadings for Appellee, United States.

OPINION OF THE COURT

PER CURIAM:

For the reasons set out in our opinion in *United States v. Blakey,* 1 M.J. 247 (1976), we affirm the decision of the Court of Military Review.

**UNITED STATES, Appellee,**

v.

**Arnold F. DUNKS, Private First Class, U. S. Army, Appellant.**

**No. 30,295.**

U. S. Court of Military Appeals.

Jan. 9, 1976.

*Captain Michael P. La Haye* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, Captain Lawrence E. Wzorek,* and *Captain Sammy S. Knight.*

*Captain Richard A. Kirby* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Major John T. Sherwood, Jr., Captain John R. Erck,* and *Captain Richard S. Kleager.*

OPINION OF THE COURT

FLETCHER, Chief Judge:

Under US Army Europe Supplement 1 to Army Regulation 27–10 (Sept. 16, 1971),