UNITED STATES

v.

Kenneth W. LITTLEWOLF, 475 64 7589,
Lance Corporal (E–3), U. S.
Marine Corps.

NCM 76 0412.

U. S. Navy Court of Military Review.

Decided 26 Aug. 1976.

Sentence Adjudged 4 Sept. 1975.

LT Robert R. Sparks, Jr., JAGC, USNR,
Appellate Defense Counsel. LCDR A. K.
Llewellyn, JAGC, USNR, Appellate
Government Counsel.

Before CEDARBURG, C. J., NEWTON,
Senior Judge, and CRANDELL, J.

NEWTON, Senior Judge:

Appellant was convicted by special court-
martial with members, of aggravated as-
sault with a pistol in violation of Article
128, Uniform Code of Military Justice, 10
U.S.C. § 928.

The sentence as approved includes a bad
conduct discharge, six months confinement,
forfeiture of $230.00 pay per month for six
months and reduction to the lowest pay
grade.

Appellant proposes the following assign-
ments of error for consideration on appeal:

I. THE MILITARY JUDGE ERRO-
NEOUSLY AND PREJUDICIAL-
LY FAILED *PERSONALLY* TO
INFORM APPELLANT OF HIS
RIGHTS WITH REGARD TO THE
COMPOSITION OF HIS COURT–
MARTIAL.

**1014**

II. THE MILITARY JUDGE ERRED TO APPELLANT'S PREJUDICE BY DENYING A DEFENSE CHALLENGE TO ONE OF THE COURT MEMBERS.

III. THE MILITARY JUDGE, AFTER SUSTAINING A DEFENSE OBJECTION THERETO (R. 71), PREJUDICIALLY AND ERRONEOUSLY FAILED TO INSTRUCT THE COURT MEMBERS THAT THEY SHOULD DISREGARD A PORTION OF TRIAL COUNSEL'S OPENING STATEMENT.

IV. THE MILITARY JUDGE PREJUDICIALLY ERRED WHEN HE INSTRUCTED THE COURT MEMBERS THAT THEY COULD CONVICT APPELLANT OF THE CHARGED ASSAULT IF THEY FOUND THAT HE STRUCK THE VICTIM *OR* UTTERED THE WORDS, "I'M GOING TO SHOOT YOU" (R. 307, 309). MERE WORDS ARE NEVER SUFFICIENT TO CONSTITUTE AN ASSAULT. *United States v. Hines*, 7 U.S.C.M.A. 75, 21 C.M.R. 201 (1956).

V. IN ANY EVENT, APPELLANT'S CONVICTION IS INFIRM SINCE THE MILITARY JUDGE FAILED TO INSTRUCT THE COURT MEMBERS THAT WHATEVER ACT THEY FOUND APPELLANT TO HAVE COMMITTED TO CONSTITUTE THE ASSAULT ALLEGED, TWO–THIRDS OF THEM MUST AGREE AS TO THAT ACT.

Appellant and four other Marines were charged with similar offenses of assault, arising out of an incident at a sentry guarded gate at a Naval facility in Guam. The five Marines accused attempted entry into the facility property in a pickup truck late at night. Nelson, the sentry on duty, refused them entry due to the dilapidated appearance of the truck. The Marines were *going* to their barracks. The accused Marines had been drinking. One of them described Nelson with less than complimenta-ry epithets. The truck was then parked outside the gate. Its occupants commenced to straggle through the gate. Nelson, angered at the questionable description attributed to him, left the sentry house, and went to meet the entering Marines. Through some circumstance which he described as falling off, Nelson's holstered pistol, belt and helmet were left in the vicinity of the sentry house, when he went to meet the entrants to talk to them. The name caller found himself on the ground under Nelson. Some of the other Marines pulled Nelson off. Nelson returned to the sentry house, obtained his pistol and commenced to load it. Some of the Marines, including appellant, entered the house. Appellant obtained Nelson's pistol. Thereafter, the incidents giving rise to the charge against the appellant occurred.

It is unnecessary to delve further into the factual matter surrounding the offense. All five of the accused Marines were represented by the same defense counsel. At appellant's trial the government called three of the four remaining accused as government witnesses over defense counsel's heated objection. Counsel objected on the grounds that: there would be a serious problem in cross-examining his clients, accused of related offenses; his client's refusal to testify would create a negative input and put both client and counsel "on the spot;" he had lack of notice that his clients would be called as witnesses; and it was basically unfair to the clients. The trial counsel summed the basic unfairness, albeit inadvertently, when he stated "if they feel that they could be put in an awkward position, they need not ask of anything, other than what they choose to ask him." The affront to appellant's basic right to confront and cross-examine the government's witnesses is obvious. The possibility of conflicting interests between counsel and clients is obvious. *See* R. 9–23.

■ When there is a possibility of conflicting interests, a different lawyer should be appointed for each accused. Later, the several accused and their counsel might

conclude that no conflict exists; in that event, they may agree on apportionment of responsibility of the conduct of the defense or in the withdrawal of one or more of the assigned lawyers. *United States v. Evans,* 1 M.J. 206 (1975). In *United States v. Blakey,* 1 M.J. 247 (1976), the United States Court of Military Appeals cited, with approval, the American Bar Association Standards, The Defense Function § 3.5(b) to the effect that:

> "The potential for conflict of interest representing multiple defendants is so grave that ordinarily a lawyer should decline to act for more than one of several co-defendants except in unusual situations when, after careful investigation, it is clear that no conflict is likely to develop and when the several defendants give an informed consent to such multiple representation."

The tests set out in *Evans* and *Blakey, supra,* have not been met at this trial. Those standards are considered applicable even though the several Marines accused were not tried in common or in a joint trial. And, even though the several accused here seem to have arrived at a similar conclusion as to the basis for their defense at trial. The evil precipitated is much too deep to conclude that no substantial error is apparent in this record. We cannot say with any feeling of certainty that the defense counsel would have defended each case in the manner he did had he not been confronted with representing different accused persons with different interests. Nor, can we say appellant was freely afforded his constitutional right to confront and cross-examine witnesses against him in an effective manner.

The foregoing conclusion makes it unnecessary to discuss appellant's assignments of error, or to set forth certain other questionable procedures at trial. We are obliged to note, however, that it was inappropriate for government counsel to attempt to interview the accused personnel without notification to their counsel, *United States v. McOmber,* 1 M.J. 380 (1976); that

government counsel incorrectly argued matter not in evidence concerning Nelson's status as a sentry after being repeatedly advised that such argument was not permissible, R. 268–286, 330–335; and that government counsel improperly argued for deterrence of others in sentencing, *United States v. Miller,* 1 M.J. 357 (1976).

The findings and sentence are set aside. A rehearing may be ordered before another court-martial.

Chief Judge CEDARBURG and Judge CRANDELL concur.