**UNITED STATES**

v.

**Renato C. MANALO, 562 86 2406,
Storekeeper Seaman Recruit
(E-1), U. S. Navy.**

**NCM 75 2877.**

U. S. Navy Court of Military Review.

Sentence Adjudged 16 May 1975.

Decided 9 Sept. 1976.

———

Lt Karl Zobrist, JAGC, USNR, Appellate Defense Counsel.

CAPT W. D. Blalock, USMCR, Appellate Government Counsel.

Before EVANS, MALLERY and GREGORY, JJ.

MALLERY, Judge:

Appellant was convicted, contrary to his pleas, at a special court-martial trial with members, of perjury. He was sentenced to a bad conduct discharge and confinement at hard labor for six months. The findings and sentence were approved by the convening and supervisory authorities.

The perjury of which appellant was convicted was allegedly committed during a joint general court-martial trial for larceny of appellant and a sailor named Jimenez. During that trial, both appellant and Jimenez took the stand during the case-in-reply and testified to the effect that they had not committed the offense alleged. Despite their testimony, both appellant and Jimenez were convicted. After they were found guilty but before the commencement of the pre-sentencing procedure, appellant voluntarily absented himself without authority. The court-martial properly reconvened in his absence and proceeded to its normal conclusion with the sentencing of both appellant and Jimenez. Prior to sentencing, in sworn testimony, Jimenez recanted his former testimony and admitted his guilt. However, the thrust of his testimony was to the effect that appellant was the prime mover behind the larceny and the one most culpably guilty while he, Jimenez, was at least partly a dupe and, therefore, somewhat less guilty morally than appellant.

During the entire general court-martial trial of appellant and Jimenez for larceny, each accused was represented by a detailed military defense counsel and by an individual civilian defense counsel. However, the record clearly shows, and appellate government counsel concedes, that Ms. Fidela Vargas, a member of the Philippine Bar, directed the defense team for both appellant and Jimenez throughout the trial and was clearly the person principally responsible for defending Jimenez as well as appellant, her nominal client. It was brought out at trial that Ms. Vargas learned of Jimenez's and

appellant's guilt after the findings of guilty but just prior to the presentation of the defense case in extenuation and mitigation. With this knowledge in mind, Ms. Vargas called Jimenez as a witness and elicited some testimony implicating appellant. Ms. Vargas, it is true, did attempt to prevent the court from considering Jimenez's testimony against appellant. However, since she also represented Jimenez, she did nothing to attack the basic credibility or accuracy of his testimony. Jimenez's testimony helped him but hurt appellant. Ms. Vargas was faced with a fundamental conflict of interest. She could not ethically represent both Jimenez and appellant. The trial military judge recognized this and directed that Ms. Vargas withdraw from representing Jimenez. After that, Jimenez continued to testify and thoroughly implicate appellant. While not representing Jimenez at this point, Ms. Vargas did not attempt to cross-examine her former client. In summary, Ms. Vargas, appellant's principal defense counsel, was principally responsible for the court's hearing testimony which was greatly injurious to her client's interests.

At the trial of the case, *sub judice*, of appellant for the perjury allegedly committed at his earlier joint general court-martial trial for larceny, the principal witness for the government was, of course, Jimenez. However, Jimenez refused to testify at this trial and the government offered instead his former testimony in mitigation and extenuation at the earlier trial for larceny. This former testimony was admitted and constituted the principal evidence against appellant in the case, *sub judice*. Now, on appeal, appellant argues that, for a number of reasons, Jimenez's former testimony was improperly admitted. We agree. However, we need discuss only the one most apparent reason for its inadmissibility.

Paragraph 145*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), establishes the requirements for the admission into evidence of former testimony. After setting forth some of the conditions for the admission of such evidence, the paragraph continues:

"The prosecution, however, may not introduce the former testimony of a witness unless, in addition to the above requirements having been met, *the accused was afforded at the former trial an opportunity to be adequately represented by counsel* and to confront and cross-examine the witness . . .." [Emphasis added.]

It is apparent to us that appellant was not adequately represented at the former trial by his individual civilian defense counsel, Ms. Fidela Vargas. Ms. Vargas was principally responsible for the most damaging testimony against him. Ms. Vargas had become ". . . bogged down in a quagmire of ineluctable conflict" as a result of trying to represent two joint accused who had, as it turned out, inherently conflicting interests. *United States v. Blakey*, 1 M.J. 247 (1976). Appellant had a right to the individual loyalty of his defense counsel. *United States v. Evans*, 24 U.S.C.M.A. 14, 51 C.M.R. 64, 1 M.J. 206 (1975). Far from being appellant's best friend in court, Ms. Vargas became his worst enemy. The former testimony of Jimenez was improperly admitted against appellant to appellant's great prejudice.

Accordingly, the findings of guilty and the sentence, being incorrect in law, are set aside. A rehearing may be ordered.

Senior Judge EVANS and Judge GREGORY concur.