UNITED STATES

v.

Burrell Jeffrey JOLLEY, 526 98 9557, Hull Technician Fireman (E-3), U. S. Navy.

NCM 76 1242.

U. S. Navy Court of Military Review.

Sentence Adjudged 28 Jan. 1976.

Decided 14 Feb. 1977.

LT Karl B. Zobrist, JAGC, USNR, Appellate Defense Counsel.

LT Patrick A. Fayle, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and NEWTON and CRANDELL, JJ.

CRANDELL, Judge:

Appellant was tried on 18 January 1976, by military judge sitting as a general court-martial, convened by the Commander, U.S. Naval Forces Marianas at the Guam Naval Legal Service Office. In accordance with his pleas, he was found guilty of six violations of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 [hereinafter cited as UCMJ] for selling and possessing cocaine, heroin, and marihuana, and three violations of Article 81, UCMJ, for conspiracy to violate Naval regulations prohibiting the selling of such substances. The remaining charges were withdrawn at the order of the convening authority. The military judge sentenced the appellant to confinement at hard labor for 2 years, forfeiture of all pay and allowances for 2 years, reduction to pay grade E-1, and a dishonorable discharge. Pursuant to the pretrial agreement between the accused and the convening authority, a different general court-martial convening authority approved the findings and sentence, but reduced the forfeitures to $310.00 per month for the duration of the appellant's confinement. No previous convictions nor nonjudicial punishments marred appellant's Naval service.

This case is a companion to *United States v. Burns*, No. 76–1019 (N.C.M.R. 31 January 1976), and *United States v. Kahn*, No. 76–1316 (N.C.M.R. 28 January 1975), wherein this Court disapproved the findings by reason of a conflict of interest on the part of the defense counsel. In light of our disposition of the case *sub judice,* we need only discuss appellant's first assignment of error.

THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE OF THE CONFLICT OF INTEREST STEMMING FROM MULTIPLE REPRESENTATION BY HIS DETAILED MILITARY DEFENSE COUNSEL.

■ Appellant's primary defense counsel was individually retained civilian counsel. His detailed defense counsel at trial was Lieutenant S, who also served as detailed defense counsel at the courts-martial

of the appellant's co-actors ENFN Steven Burns and HTFN William Kahn, and for a time was counsel for co-actor HTFN Robert Fuller. Originally, Lieutenant S was assigned as counsel for one Horton also but this accused's case was reassigned when he, Horton, received a grant of immunity. During meetings with the appellant prior to trial, Lieutenant S expressed his hostility toward his clients' involvement in narcotics trafficking and was unhappy about being assigned to their cases. On subsequent occasions, he approached some of the clients and asked them whether they would testify against their cohorts in order to receive lenient treatment at the hands of the convening authority. That situation, in itself, presented an inherent conflict of interest problem. It needs no citation of authority to assert that a lawyer owes his undivided fealty to the interests of his client and that whenever there exists a possibility of a conflict he should withdraw from representing more than one client whose interests he cannot serve in the required manner. *United States v. Evans,* 1 M.J. 206 (1975). The language of Senior Judge Newton of this Court in a recent case[1] is equally applicable to the case *sub judice*:

> The evil precipitated is much too deep to conclude that no substantial error is apparent in this record. We cannot say with any feeling of certainty that the defense counsel would have defended each case in the manner he did had he not been confronted with representing different accused persons with different interests.

In that case, Senior Judge Newton also quoted ABA Standards on this point:

> The potential for conflict of interest in representing multiple defendants is so grave that ordinarily a lawyer should decline to act for more than one of several co-defendants except in unusual situations when, after careful investigation, it is clear that no conflict is likely to develop and when the several defendants give an informed consent to such multiple representation. [ABA Standards Relating to the Defense Function § 3.5(b) (1971)].

This caveat has similarly come from this Court previously. Chief Judge Cedarburg expressed it in the following language:

> We reiterate the absolute necessity for an attorney to abstain from taking any part in proceedings contrary to the interest of his client regardless of the purity of his motives. Not only is a conscious disloyalty to the interests of his client to be avoided but also *the appearance of engaging in an incompatible role.* [*United States v. Berry,* 1 M.J. 651, 654 (N.C.M.R.1975) (Emphasis added)].

Finally, we would also note that the Court of Military Appeals has issued a similar decisional fiat. In *United States v. Evans, supra,* Judge Cook cautioned:

> Those responsible for appointing counsel for multiple accused should initially determine, on the basis of the evidence then available, <u>whether there is a possibility of conflicting interests</u>. When such a <u>possibility</u> exists, a different lawyer should be appointed for each accused. (Underscoring supplied).

It is simply too obvious for argument that when an attorney representing multiple defendants asks one to testify against the others, he is not serving the interests of those other defendants.[2] It further appears in this case that appellant is the only one of

---

1. *United States v. Littlewolf,* 1 M.J. 1013 (N.C.M.R.1976).

2. We note that Lieutenant S did request to withdraw from the representation of the multiple defendants but was only permitted to withdraw from the representation of one of them when he concluded an actual conflict of interest existed. In this connection we would note the language of Senior Judge Ferguson in *United States v. Blakley,* 1 M.J. 247 (1976):

> Even though on orders to represent more than one accused, every defense counsel—as a member of the legal profession—is charged with comporting himself with the ethical dictates of his chosen vocation. To the extent he finds himself embroiled in a conflict of representation, it is his duty to take the steps necessary to extricate himself therefrom.

the multiple defendants that Lieutenant S did not ask to testify against the others. In other words, while the others were asked to testify against him, his interests were not similarly considered. It would appear *a fortiori* that appellant did not have the benefit of a detailed defense counsel whose unfettered loyalty to him was properly discharged.

Further discussion is unnecessary. It follows from the foregoing that the findings must be disapproved. A rehearing may be ordered.

Chief Judge CEDARBURG and Senior Judge NEWTON concur.

**UNITED STATES**

**v.**

**Ronald Scott FLINCHBAUGH, 211 44 4988, Fireman Apprentice (E–2), U. S. Navy.**

**NCM 76 1414.**

U. S. Navy Court of Military Review.

Sentence Adjudged 19 Feb. 1976.

Decided 15 Feb. 1977.