**UNITED STATES, Appellee,**

v.

**Private First Class Richard T. JUDSON, SSN 060–48–0471, United States Army, Appellant.**

**CM 433916.**

U. S. Army Court of Military Review.

26 July 1977.

Captain Buren R. Shields, III, JAGC, argued the cause for appellant. With him on the brief were Lieutenant Colonel James Kucera, JAGC, and Captain John R. Osgood, JAGC.

Captain Laurence M. Huffman, JAGC, argued the cause for appellee. With him on the brief were Lieutenant Colonel Donald W. Hansen, JAGC, Major John T. Sherwood, Jr., JAGC, and Captain Gary F. Thorne, JAGC.

Before JONES, Senior Judge, and FULTON and FELDER, JJ.

## OPINION OF THE COURT

FELDER, Judge:

The appellant pleaded guilty and was convicted of two specifications of possession of heroin and two specifications of transferring heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] The military judge ruled that only two offenses existed for punishment purposes and sentenced the appellant to a bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for two years and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority approved the discharge and reduction portions of the sentence but reduced the forfeitures to $240.00 per month for twelve months and the confinement at hard labor to one year. He then suspended six months

---

1. This Court has held this case in abeyance pending decisions in *United States v. Courtney*, 1 M.J. 438 (1976); *United States v. Jackson*, 3 M.J. 101 (C.M.A.1977); and *United States v. Graves*, 3 M.J. 186 (C.M.A.1977). The equal protection standard established in *Courtney*, made prospective by *Jackson*, and further applied prospectively to guilty plea cases by *Graves*, applies only to cases tried after 2 July 1976. Since this case was prosecuted prior to that date, it was permissible to punish the appellant for the heroin offenses as violations of Article 134, Uniform Code of Military Justice.

of the confinement and forfeitures portions of the approved sentence.[2]

After a joint investigation was conducted under Article 32, UCMJ, 10 U.S.C. § 832, the charges against the appellant and Specialist Four O'Donnell, a co-actor, were referred to a common trial by general court-martial. Both accused were detailed the same defense counsel during the pretrial investigation. At trial Specialist O'Donnell was again represented by this detailed counsel. However, the appellant had in the interim procured the services of an individually requested military attorney and excused the detailed counsel from his defense.

After arraignment but prior to the entry of pleas, Specialist O'Donnell's counsel moved for appropriate relief by requesting a new Article 32 investigation or in the alternative, production of the criminal investigation detachment (CID) reading file. Individual counsel for the appellant joined in this motion and asserted an additional ground for a new pretrial investigation—a conflict of interest from the representation of both accused by the same detailed attorney. The judge then reviewed the report of investigation. However, the appellant advanced no evidence or argument in support of his contention. No further defects in the pretrial procedures were raised by either accused and both counsel evinced satisfaction to the judge when the trial counsel volunteered to make the requested CID reading file available to them. A discussion then ensued as to the mechanics of procuring the reading file and the selection of a date for trial. No further mention was made by counsel or the judge concerning the appellant's claim of conflict of interest prior to trial. Both accused subsequently entered pleas of guilty, which were determined to be provident by the trial judge.

■ The appellant now renews his attack upon the representation he was afforded before trial and asks that we set aside the findings and sentence and order a new Arti-

cle 32 investigation. This issue was not adequately developed at trial. However, the evidence reflects that at the conclusion of the Article 32 investigation hearing, the detailed defense counsel recommended that the case against O'Donnell be referred to a special court-martial because of his "apparent minor parts" in the charged offenses. This statement evidences the exact type of subordination of interests of one accused in favor of those of another condemned in *United States v. Evans*, 1 M.J. 206 (1975). The inescapable conclusion to be drawn from the appellant's attorney's comment to the investigating officer was that the appellant was more culpable than the co-accused, and therefore he, but not the co-accused, should be tried by general court-martial. This is clearly not the "undivided loyalty" of counsel mandated by *Evans* and the Manual for Courts-Martial, which provides:

"An officer or other military person acting as counsel for the accused before a general or special court-martial will perform such duties as usually devolve upon the counsel for a defendant before a civilian court in a criminal case. He will guard the interests of the accused by all honorable and legitimate means known to the law. It is his duty to undertake the defense regardless of his personal opinion as to the guilt of the accused; to disclose to the accused any interest he may have in connection with the case, in any ground of possible disqualification, and any other matter which might influence the accused in the selection of counsel; to represent the accused with undivided fidelity; and not to divulge his secrets or confidence. It is improper for him to assert in argument his personal belief in the innocence of the accused or to tolerate any manner of fraud or chicane.

"When a defense counsel is designated to defend two or more coaccused in a joint or common trial, he should advise them of any conflicting interest in the conduct of their defense which would, in his opinion,

---

2. The action of the convening authority is erroneous to the extent that it purports to apply partial forfeitures to both pay *and* allowances.

Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 126*h* (2).

warrant a request on the part of any of the accused for other counsel." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 48c.

It appears that the attorney's remark was designed to benefit the co-accused and not to subordinate the interest of the appellant. However, the latter was accomplished by his attempt at the former. Multiple representation by a single attorney is severely criticized in *United States v. Blakey*, 1 M.J. 247 (1976), because of the likelihood that an attorney would find himself in a "quagmire of ineluctable conflict." Thus, had this unfortunate abandonment of the appellant occurred at trial, reversal would automatically follow without " 'nice calculations as to the amount of prejudice' that may have resulted." *United States v. Evans, supra*, 1 M.J. at 209, citing *Glasser v. United States*, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

 While *Evans* and *Blakey* do not specifically address the problem of conflicts arising from multiple representation during an Article 32 investigation, it is clear that the principles announced therein are equally applicable to Article 32 proceedings, which have repeatedly been held to be an integral part of the court-martial process and to be judicial in nature and scope. *United States v. Mickel*, 9 U.S.C.M.A. 324, 26 C.M.R. 104 (1958); *United States v. Nichols*, 8 U.S.C.M.A. 119, 23 C.M.R. 343 (1957). Since effective assistance of counsel during the Article 32 investigation is a right entitled to judicial enforcement,[3] the military judge erred in failing to grant the appellant's motion for a new pretrial investigation. *United States v. Worden*, 17 U.S. C.M.A. 486, 38 C.M.R. 284 (1968). More-

over, the appellant would have been entitled to this relief even without any showing of a possible benefit accruing at trial. *United States v. Donaldson*, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975).

Remaining for discussion is the impact of appellant's subsequent provident guilty plea upon the pretrial error. As previously mentioned, the appellant sought and secured representation by individually requested military counsel after the Article 32 investigation and prior to trial. Upon the advice of this new attorney, the appellant entered into a pretrial agreement which resulted in a substantial reduction in the sentence by the convening authority.

We find no evidence supporting a conclusion that the decision to plead guilty was linked to or tainted by the defective representation afforded the appellant during the Article 32 hearing. In other words, we believe that the appellant's judicial confession and attendant waiver of trial on the facts resulted from the availability of an advantageous bargain on the sentence in the face of a strong prosecution case. Further, while the appellant's counsel did perfunctorily request a new Article 32 investigation by joining in the co-accused's motion, he did not pursue the issue and apparently abandoned it once access to the CID reading file was assured. Although his conduct did not constitute waiver, it indicates that the individual counsel was merely entering his objection for the record.

Under these facts we are constrained to apply the time-honored principle that a provident plea of guilty operates to waive all deficiencies in the pretrial investigation which are neither jurisdictional nor a denial of due process, notwithstanding the interposition of a timely objection at trial.[4] *Unit-*

**3.** *United States v. Nichols*, 8 U.S.C.M.A. 119, 23 C.M.R. 343 (1957).

**4.** The dilemma encountered by the appellant at trial is a recurrent one. The present posture of the law prevents under these circumstances the preservation of both the pretrial error and the pretrial agreement once a motion for new pretrial proceedings is denied. However, such hard choices in this area are not unusual as the decision to plead guilty "frequently involves

the making of difficult judgments." *McMann v. Richardson*, 397 U.S. 759, 769, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). Moreover, such difficult decisions are not unfair as it is settled that pleading guilty is "more than an admission of past conduct; it is the defendant's consent that a judgment of conviction may be entered without a trial . . ." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). As Judge Ferguson has

ed States v. Courtier, 20 U.S.C.M.A. 278, 43 C.M.R. 118 (1971); *United States v. Lopez*, 20 U.S.C.M.A. 76, 42 C.M.R. 268 (1970); *United States v. Rehorn*, 9 U.S.C.M.A. 487, 26 C.M.R. 267 (1958); *see Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *cf. United States v. Jarvis*, 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973); *United States v. Lovett*, 7 U.S.C.M.A. 704, 23 C.M.R. 168 (1957); *see also United States v. Engle*, 1 M.J. 387 (1976). While we reiterate the condemnation of attempts by counsel to trade the interests of one accused for those of another when he represents both, we specifically find no deprivation of the constitutional right to the effective assistance of counsel arising from the conflict of interest manifested here.

Accordingly, the findings of guilty and the sentence are affirmed. However, the forfeitures shall apply to *pay* only becoming due on and after the date of the convening authority's action.

Senior Judge JONES concurs.

Judge FULTON not participating.

written: "Any accused facing trial must ultimately face the same decision of whether to put the Government to the test of proving his guilt beyond a reasonable doubt by legal and competent evidence or to factually admit guilt by a plea of guilty and receive the benefit of a possible pretrial agreement." *United States v. Dusenberry*, 23 U.S.C.M.A. 287, 291, 49 C.M.R.

536, 540 (1975). Since no allegation or evidence of dereliction on the part of his second counsel as to the decision to plead guilty has surfaced and the plea is otherwise provident, the appellant is bound by his choice, which we shall not now disturb. *McMann v. Richardson, supra.*